304

## CIRCUIT COURT OF THE CITY OF RICHMOND

Virginia Retirement System

v.

Deborah Bonaparte
and DeNyce Bonaparte

March 7, 2003

Case No. HK-876-1

BY JUDGE MELVIN R. HUGHES, JR.

The Virginia Retirement System has filed a Petition For Interpleader seeking a determination of claims between the named defendants, Deborah Bonaparte and DeNyce Bonaparte, as to the accumulated retirement contributions of the late Charles Bonaparte.

The salient facts alleged in the Petition and adduced at a recent hearing are not disputed. Charles Bonaparte died in July 1996. At the time of his death, Bonaparte had accumulated about $50,000.00 in retirement contributions as a state employee. When he died, Bonaparte had been married to DeNyce Bonaparte (DeNyce) for twenty-two years.

Prior to his marriage with DeNyce, Bonaparte was married to Deborah Bonaparte (Deborah) in 1971. They were divorced in 1974. Shortly after his marriage to Deborah, Bonaparte designated Deborah as beneficiary of any accumulated retirement contributions in the event of his death. Following the divorce and his marriage to DeNyce, the beneficiary designation in favor of Deborah continued in her name. After his death, DeNyce, as did Deborah, made claim to the accumulated funds: DeNyce on a claim of augmented estate, Deborah on a claim of designated beneficiary.

The parties agree that, as of July 1, 1993, Va. Code § 20-111.1 would control the outcome of the respective claims. The statute provides that, for final decrees of divorce entered after that date, revocable beneficiary designations for any death benefit due a spouse are revoked.

DeNyce argues that, notwithstanding the effective date of Va. Code § 20-111.1, the policy is in favor of revocation, evinced in Va. Code § 20-111, which is controlling. She also cites *Papen v. Papen*, 216 Va. 879 (1976), for the proposition that a divorce revokes the contingent property rights and death benefits of an ex-spouse. The court does not agree with DeNyce's position.

First, Va. Code § 20-111 addresses only real and personal property interests as between divorcing spouses. Second, *Papen* relies on Va. Code § 64.1-59. This statute prevents property from transferring to an ex-spouse through a will, if the divorce occurs after the testator made a will. Further, under Va. Code § 64.1-16.2(c), persons who are designated beneficiaries of death benefits of a decedent do not have to contribute to a surviving spouse's elective share for augmented estates.

Therefore, the court finds in favor of Deborah Bonaparte.